UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA MONTOYA SANTIAGO RAMIREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-0852 (UNA) |
| ) | |
| ) | |
| MEDSTAR HEALTHCARE WORLDWIDE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The complaint, portions of which are illegible, alleges Plaintiff "[s]ustained assault and battery" upon her admission to MedStar Medical Center in Olney, Maryland, where she was taken

by ambulance after a "WMATA Bus Accident on Dec 11-13 of last year." Compl. at 1. According to Plaintiff, MedStar "employees and security became aggressive in precense [sic] of (1) Ambulance transport, (2) Montgomery General ED waiting area and USINS Paging System . . . [and] (3) WHC parking and Emergency Arrival area in the sight of DC police[.]" *Id*. Attachments to the complaint, among which are applications for housing assistance, shed no light on the claims Plaintiff intends to bring against the named Defendants.

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The instant complaint falls far short, as it neither states a basis for the Court's jurisdiction, articulates clearly a legal claim nor demands any particular form of relief. Therefore, this complaint and this civil action will be dismissed by separate Order.

DATE: June 20, 2024                        TIMOTHY J. KELLY
                                           United States District Judge